

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-4782
Re: Whether or not it is a
violation of the Nepotism
Law for Independent School
District Trustees to fill
vacancies by appointing
brother-in-law of one of
Trustees to the Board.

This is in response to your letter of February
16, 1943, requesting the opinion of this Department on the
above captioned matter. With your letter we found attached
a letter to you from Mr. A. C. Brown, Superintendent of the
Iola Independent School District. We have also had corres-
pondence with Mr. Brown regarding this matter.

As we understand the inquiry contained in Mr.
Brown's letters, the question posed is whether or not the
trustees of the Iola Independent School District may legally
fill a vacancy on the said Board by appointing the brother-
in-law of one of the trustees.

We assume that the Iola Independent School
District is incorporated under the general laws. This being
true, vacancies are filled by the remaining members of the
Board (Art. 2777, R. C. S.) and such trustees serve without
compensation. Art. 2775, V. A. C. S.

Article 432 of the Penal Code, provides:

"No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of this

State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment of any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever. Acts 1909, p. 65, Acts 1915, p. 149." (emphasis supplied)

While brothers-in-law are related within the first degree by affinity (T. T. R. R. Co. v. Overton, 4 App. C. C. Sec. 553) and hence within the prohibited degree of relationship set forth in the Article 432 of the Penal Code; it will be noted that such Article applies only "when the salary, fees, or compensation of such appointee is to be paid for, directly or indrectly, out of or from public funds or fees of office of any kind or character whatsoever". Since the general laws provide no compensation, direct or indirect, for independent school district trustees, it is our view that Article 432 of the Penal Code is inapplicable to the instant case. Compare opinions No. O-777; No. O-1822 of this Department.

Therefore, this is to advise that in our opinion the trustees of the Iola Independent School District may legally fill the vacancy existing on the Board by appointing a brother-in-law of one of the trustees.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James D. Smullen*
James D. Smullen,
Assistant

*Gerald C. Mann*
1945

ATTORNEY GENERAL OF

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN

JDS:flo